# CIRCUIT COURT OF DICKENSON COUNTY

Teddy C. Owens *et al.*

v.

Estell Catherine Calo *et al.*

September 15, 2015

Case No. CL 14-165

By Judge Henry A. Vanover

This letter opinion follows a hearing conducted in the Circuit Court of Dickenson County on September 4, 2015, and is to inform the parties of the disposition of this matter.

After reviewing the evidence submitted by both parties and pursuant to the common law of Virginia, the Court grants the Plaintiffs a prescriptive easement on Tarzan Road, fifteen feet in width, for commercial and residential purposes.

In addition, the Court enters a permanent injunction preventing the parties or anyone acting on their behalf from altering or interfering with the Plaintiffs' and Defendants' use of Tarzan Road, including altering its width or depth, or impeding ingress and egress by use of any device such as a gate, fence, spikes, or signage.

The Court further orders that the land immediately parallel to the main highway, Aily Road, remain as it currently sits with regards to width and depth and that the parties or anyone acting on their behalf may not alter or interfere with the use of this area for entering and exiting Tarzan Road.

## Background

Plaintiffs filed a complaint in Dickenson County on December 8, 2014, to which Defendants filed an Answer and Cross-Bill on December 31, 2014.

On March 31, 2015, this Court granted a temporary injunction requested by the Plaintiffs, and entered an Order to restore the *status quo* of Tarzan Road, directing the parties to remove any impediments placed on the road by either Plaintiffs or Defendants or anyone acting on their behalf.

On September 4, 2015, the Court viewed the property involved in this matter, and afterwards held a hearing at the Courthouse.

*Analysis*

The land in question in this matter is a gravel road known as Tarzan Road, which is located east of Route 670, also known as Aily Road, in Dickenson County. The road is located on land owned by the Defendants, Estell Calo and Shielah Vitatoe. Plaintiffs allege that they have acquired a right to use this road situated on part of the Plaintiffs' land via a prescriptive easement.

An easement by prescription is proven by use that is "[a]dverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the land over which it passes." *Powell v. Magee*, 191 Va. 315, 320-21, 60 S.E.2d 897 (1950). This use must continue for the statutory period, which is twenty years. *Id.* at 321.

The burdened owner must rebut the presumption of a prescriptive easement, where there has been "open, visible, continuous, and unmolested use of a road across the land of another for at least twenty years." *Id.* The rebuttal evidence must be of permission to use the land and that the use was not under a claim of right. *Id.*

Ownership of the land in question was not in dispute. Plaintiffs' ownership is as follows: T. Owens and D. Owens own a 1 acre tract on Tarzan Road; J. Anders and D. Owens own a .382 acre tract on Tarzan Road; and J. Counts owns a 22 acre tract on Tarzan Road. Defendants' ownership is as follows: E. Calo owns a 12 acre tract on Aily Road, and F. Vitatoe and S. Vitatoe own a .4 acre tract on Aily Road. F. Vitatoe is now deceased. The deed to T. Owens was dated 1972, and the deed to E. Calo was dated 1969. The parties also agreed that Tarzan Road is located on part of the Defendants' property.

The only relevant facts in dispute were whether the Defendants granted the Plaintiffs permission to use Tarzan Road and whether the use was under a claim of right. Defendants argued that Defendants gave Plaintiffs permission to use Tarzan Road. However, the evidence establishes that the Plaintiffs' use of the road was without the Defendants' permission because Defendant Estell Calo testified as such during the hearing held on September 4, 2015.

In addition to proof of adverse use, Plaintiffs offered proof that the use of Tarzan Road was open, continuous, exclusive, and uninterrupted for the statutory period. For example, Teddy Owens maintained the road by cutting weeds, and all of the Plaintiffs used the road for ingress and egress to their homes on a continuous basis since they have lived on Tarzan Road. This use was open to the public so that anyone could view such use. The Defendants evidence did not sufficiently rebut the presumption of a prescriptive easement.

 

*Conclusion*

In conclusion, Plaintiffs have established an easement by prescription for the use of Tarzan Road. Defendants' proposed evidence of an alternate road for possible use by the Plaintiffs is of no consequence, as Plaintiffs did not allege an easement by necessity. In addition, Defendants' Cross-Bill is dismissed and Plaintiffs' Motion *in Limine* is denied. Plaintiffs' request for attorney's fees is denied, and the parties shall pay their own costs incurred during the commencement and resolution of this matter.